IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MANUEL HELMBRIGHT,

    Plaintiff,

v.                                Civil Action No. 5:04CV69
                                                       (STAMP)

BONNIE DAVIS, in her private capacity,
CHIEF KEVIN GESSLER, in his official capacity,
OFFICER WALLACE, in his official capacity and
UNKNOWN DESK OFFICER, in his official capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT
AND DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTIONS TO DISMISS**

I. Procedural History

On June 24, 2004, the plaintiff, appearing pro se, filed the above-styled civil action in this Court alleging that defendant, Bonnie Davis ("Davis"), violated his civil rights. On August 30, 2004, the plaintiff filed an amended complaint. On October 7, 2004, Davis filed a motion to dismiss. The plaintiff then filed a motion to submit a second amended complaint to name additional defendants: Chief Kevin Gessler, Officer Wallace, and "Unknown Desk Officer" ("officer defendants"). Concomitantly, the plaintiff filed a "Petition to Proceed," seeking an order from this court directing the United States Marshals Service to serve process on the officer defendants. This Court granted the plaintiff's motion to submit a second amended complaint and his "Petition to Proceed."

The plaintiff filed a response to Davis' motion to dismiss on March 1, 2005. The officer defendants filed a motion to dismiss on April 8, 2005. In lieu of a response to the officer defendants' motion to dismiss, the plaintiff filed a motion to amend his complaint for a third time, to which the officer defendants responded and the plaintiff replied.

Now before this Court are Davis' motion to dismiss, the officer defendants' motion to dismiss, and the plaintiff's motion to amend his complaint. After thorough consideration, this Court finds that the plaintiff's motion to amend his complaint should be granted. Accordingly, the defendants' motions to dismiss must be denied without prejudice to refiling in response to the third amended complaint.

## II. Facts

This action arises from the plaintiff's previous associations with Davis. In his first claim for relief, the plaintiff alleges that Davis has made false, defamatory statements about him to her daughter, Beth Ann Davis, and to the Wheeling Police Department. He claims that as a result of these statements, he has been denied equal protection under the law and due process. Further, he claims he has suffered public contempt and harassment from the police, which has led to mental and emotional distress. With respect to this claim, he seeks general, special and punitive damages in the amount of $300,000.00.

In his second claim for relief, the plaintiff alleges that the defendant officers discriminated against him, harassed him, and failed to come to his aid in violation of the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. He further asserts that the officers negligently fell into Davis' conspiracy against him and acted in concert with Davis. He contends that their actions have caused him severe emotional distress. He seeks a declaratory judgment from this Court that the actions of the defendant officers were taken under color of law and were an illegal deprivation of his rights under the Fourteenth Amendment of the United States Constitution. He also seeks an appropriate award of damages.

### III. Applicable Law

Federal Rule of Civil Procedure 15(a) applies to parties seeking to amend their pleadings. This rule states in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

Rule 15(a) grants the court broad discretion, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

3

the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

## IV. Discussion

The plaintiff seeks to amend his complaint to clarify which of his civil rights the defendant officers violated. He admits that this motion is in response to the defendant officers' motion to dismiss. In response, the defendant officers argue that the plaintiff's motion is an effort to avoid an adverse ruling on their motion to dismiss, and that the plaintiff's motion should be denied due to the futility of the amendments.

In discussing when leave to amend should be granted or denied, courts have examined several factors, including prejudice, delay, motive, and futility. In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave should, as the rule requires, be "freely given."

371 U.S. at 182.

After reviewing the record, this Court cannot conclusively find that the plaintiff has exhibited undue delay, bad faith, or

dilatory motive. Moreover, the prejudice to the defendant from further delay is not so significant to prevent this Court from allowing the amendment. Finally, this Court cannot conclude that the plaintiff's amendments would be futile, as they raise substantive issues that this Court cannot dismiss upon cursory review. Accordingly, given the liberality rule, the plaintiff's motion for leave to file a third amended complaint must be granted. Nevertheless, the plaintiff should not assume that this Court will continue to permit him to amend his complaint during the briefing process for substantive motions.

This Court also finds that the defendants should be given an opportunity to file renewed motions to dismiss in order to address the amendments to the complaint. Accordingly, the present motions to dismiss must be denied without prejudice so that the defendants may refile motions to dismiss or other motions in response to the plaintiff's third amended complaint.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to amend his complaint is hereby GRANTED. The Clerk is DIRECTED to file the third amended complaint attached to the plaintiff's motion.

Further, the defendants' motions to dismiss are hereby DENIED WITHOUT PREJUDICE to the defendants to file motions to dismiss or other motions in response to the plaintiff's third amended complaint.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 20, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE